Our second case for this morning is Fulton Dental v. Bisco. And when you are ready, we will hear from, I guess, first Ms. Rosenbaum. Ms. Rosenbaum. Ms. Rosenbaum. Good morning. May it please the Court, Adina Rosenbaum on behalf of Appellant Fulton Dental. This case arises out of a junk fax sender's attempts to evade class-wide liability for its violations of the Telephone Consumer Protection Act. May I stop, please, and just ask Ms. Rosenbaum, is there any indication in the record that you sought an incentive payment as a potential class representative? It was not mentioned in the complaint, but in our response to the Rule 67 motion to deposit funds, we did mention the incentive payment and our intention to seek one as one of the reasons why, even if the motion were granted and otherwise mooted the case, which for reasons I'll discuss it did not, that the class action would not be moot. So in this case, and to go to that about the incentive award, that goes to our interest in the class action, even if Fulton Dental's individual claim were moot, which for reasons I'll discuss it is not. But regardless of whether it was mentioned in the complaint, we have an interest in seeking an incentive award if class certification is granted, and that gives Fulton Dental an economic stake in class certification, that even if the individual claim were moot, would be sufficient to maintain Article III jurisdiction over the class certification decision, and this Court has already held that an incentive award is sufficient to the potential to receive an incentive award is sufficient to satisfy Article III. Rule 54C entitles you to the relief to which you're entitled, as it says, even if the party has not demanded that relief in its pleadings. So I think that suggests the pleadings are not dispositive. I think that you have two fundamental points, and you can tell me if this is wrong. One of your fundamental points, as I understand your briefs, is that a Rule 67 deposit is not the equivalent of what the Court refers to in Campbell-Ewald as a deposit of the full amount of the plaintiff's individual claim in an account payable to the plaintiff. So those are the critical words. So that's point one. Point two is I understand you to be asking this Court to change what has been our rule that you need to file a motion for class certification first before the class develops enough of a reality to have the kind of interest that would go forward in these sorts of situations. And you did not simultaneously with filing your complaint ask for class certification. And some courts say you don't have to, and we've had other cases in between, but maybe you could address both of those. What exactly do you see the Rule 67 deposit as being, and why doesn't it comply with what the Court talks about in Campbell-Ewald? And then also, what should we make of it? Are you really just asking us to change our law on the timing of the class certification motion? Sure. I'll address both those issues. I do want to say one more thing on the incentive award, which is that our complaint did also ask for the relief that would be appropriate. So that, again, follows 54C anyway. Yes. I think we do make both of those arguments. They're alternative arguments. So under either one, the case proceeds to class certification. In terms of the Rule 67 deposit, Rule 67 is a way of safeguarding funds that are in dispute before the district court. But it does not itself entitle any party to funds. So it's not an account payable to the plaintiff? No. To use the court's language. No one receives any money under Rule 67 unless the court actually orders that the money be released. And it's an account that might, after the amendment to Rule 67, just wind up getting returned to the payor. Exactly. And here, BISCO specifically stated that it might seek return of the funds, of some of the funds at the end of the case, making clear that even it did not think that the deposit of the funds entitled Fulton to claim, Fulton Dental to claim all of the funds. And just taking a step back from even that language in Campbell-Ewald, that was something that the court was not deciding, that issue in Campbell-Ewald. No, I'm just looking at the dissents or dissents, and I'll talk about that with your opponent. But the majority opinion at page 672 has this carve-out. You know, we're not deciding right now what the result would be if the money goes into an account payable to the plaintiff. And so one of the questions before us is whether this case falls within the carve-out or whether this case doesn't even get there. I think this case doesn't even get there because a Rule 67 deposit is not an account payable to the plaintiff. It's just a way of holding those funds while the case proceeds. And even if the court did... So you could go to a bank downtown and open up an escrow account, and it would be the same thing. I mean, the escrow agent doesn't pay anything out until an instruction comes. Right, and here the instruction has to come from the court. The court has to order relief, which on its own demonstrates that the court is still able to grant effectual relief, which is the standard for whether or not a case is moot. And here the court did go on to grant relief. It entered orders granting relief and entered a judgment, thereby conclusively demonstrating that the deposit did not moot the case. Ms. Rosenberg, if we agree that a plaintiff seeking to represent a class should not find that claim mooted by the settlement of the individual claims until that plaintiff has had, you know, a reasonable opportunity to seek class certification, how should we decide what is a reasonable opportunity? Well, I think at the very least there would have to be the time to go to engage in discovery on Rule 23's requirements and then a reasonable time after that to prepare a motion for class certification. And then for the court to... Well, what's the reason? That's what I'm asking. You know, I think at the very least if the court enters a schedule, and generally what does happen in class action cases is that courts will enter schedules for discovery and for filing class certification motions. Here at the time when BISCO filed its motion, the court hadn't even gotten to entering a schedule. It filed its motion only two weeks after filing its complaint, and there was a status hearing already set for the next day, and the parties had been required to file a status report where they addressed other things on the discovery plan. So the status hearing was presumably in part going to address a discovery plan and set forth a schedule for discovery and motions. But instead at the status hearing the day after BISCO filed its motion, the court stayed all discovery until it ruled on BISCO's motion, and then that ruling was to both dismiss the case as moot and then also enter judgment on the claim that it had just dismissed as moot. Ms. Rosenbaum, following Judge Rovner's question, how long could you wait? Could you wait six months? I think it would largely depend on what schedule the district court had set. So the burden is on the district court, for example, in this case, based on the pleadings we have before us, to have recognized that time was necessary and should have put in place a schedule? Is that what you would have us say in an opinion? Well, I think the district court here was going to put in place a schedule. There was a status hearing that would have discussed, I presume, a plan the next day, but instead they stayed discovery at that status hearing. And that's how class litigation tends to function is that there is a schedule for these things. And it does tend to take, you know, at least some number of months to do. As the district court recognized below, plaintiffs generally can't file their class certification motions as soon as they file their complaint because there does need to be discovery on the requirements of Rule 23. So two things have spoken to this, the amendments to Rule 23 some years back and also the Supreme Court's Wal-Mart decision. Once upon a time, Rule 23 used to call for class certification at the earliest practicable time, and the drafters of the rules decided that that was too soon, basically. So it now reads, at an early practicable time, the court must determine, and so on. And the Wal-Mart case specifically recognizes that there's a duty on somebody seeking to certify a class to present facts in support of that, and thus that some discovery is necessary. So it puts all of us in a difficult position, for sure, to say how long is the right amount of time, but there's clearly some play in the joints. So there is some time. It should be early in the case, but there is, as you say, some play in the joints. There should be some time for the plaintiff to gather the information necessary to make the showing necessary under Wal-Mart. And so that will require time to conduct discovery and then also time to prepare a motion based on discovery. Well, and sometimes you'll need your Daubert witnesses, both located and qualified under those procedures as well. I don't know if it's this case, but that often comes up. And district courts handle these sorts of situations on a regular basis and do set schedules for filing motions and adjust those schedules as it becomes necessary in the case. So I think in particular cases, I think it will often be clear when the plaintiff has been moving forward towards class certification in a reasonable way and when it has essentially abandoned or been unduly delayed in moving for class certification. Now the district court had an interesting discussion of this, recognizing that it was required to follow our rule that said the safest way to protect yourself is to file the class certification motion along with the complaint. But the district court says a variety of other circuits don't require that, and it's unfortunate that it requires the filing of essentially an unsupported motion. But I still think we might need to consider whether we need to modify our rule in light of these developments at the Supreme Court and Walmart and the general front-loading of discovery that's happened in class actions. I agree, and that rule has been set forth in cases that were about whether offers of judgment had rendered moot class actions. And both this court and the Supreme Court in Chapman and Campbell-Ewald respectively have made clear that an offer of judgment does not render a class action moot. So they've made clear that the concepts of Article III jurisdiction on which those cases, such as Damasco and Holstein, were based, that they were based on an overly narrow concept of Article III jurisdiction, that in fact there can be jurisdiction over a broader range of cases than those decisions recognized. Unless you have further questions, I'd like to reserve the rest of my time for rebuttal. That would be fine. Thank you. Mr. Halden. Good morning, Your Honors. Jeff Halden on behalf of the Appalachian Disco. Your Honor, I'd like to begin with your point on the Rule 67 in compliance with Campbell-Ewald. Once a party deposits money into the court's account under Rule 67, they don't automatically, there's no automatic provision for what happens to that money. However, in this case, the court actually entered an order and said the court shall pay this money to Fulton Dental. Well, see, here's my, I actually have a bunch of issues that are bound up in that for you. First of all, paying it into the account itself is not the same as paying it to account payable to the plaintiff, because as you're agreeing, there needs to be a further court order. Correct. If paying it into the account under Rule 67 moots the case, then the court has no authority to issue any further orders, not an order saying pay it to Fulton Dental or give it back to Disco, and it certainly would not have any authority to enter an injunction. So I think you're off on the wrong track to be thinking about this as a mootness issue, any more than if you get a jury verdict saying the plaintiff shall receive $100,000. It doesn't mean the plaintiff's claim is moot. It means that the plaintiff won, and so $100,000 will exchange hands. So I think you need to think of it more in a payment and satisfaction mode than a mootness mode. Secondly, your brief relies very heavily on the dissenting opinions in Campbell-Ewald, and I have a problem with that because our court is not empowered to adopt a Supreme Court dissent as the rule of law. I think you either fit within the carve-out in the majority opinion, and it wasn't a plurality, it was a full majority opinion of the court, or you don't. And if you do, then we need to see what this Rule 67 deposit actually was, whether that's actually an end run around the majority rule adopted by Campbell-Ewald. One of my concerns is if your gambit works, then the Supreme Court might as well erase Campbell-Ewald from the books. There won't be any Campbell-Ewald left, and I'm a little queasy about doing that. Yes, Your Honor. With regard to the Campbell-Ewald decision, you're right. The majority opinion did leave this question unanswered for a case in which it's not a hypothetical. And they very specifically say, deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff. And I have trouble seeing the 67 process being that. There needs to be a later order of the court. There needs to be an adjudication. It's not, and they don't want that adjudication. Exactly as Campbell-Ewald said, can you stuff a favorable result down somebody's throat? Maybe not. Well, Your Honor, Campbell-Ewald did not address that question. And with all due respect, I believe that once the funds are deposited into the court, and then the court awards that money to the plaintiff, then the plaintiff is made whole. And that's … Well, but you're going down a number of steps. It's as if you're saying the court can force the plaintiff to accept the offer of settlement. Like the payment into the account is the offer, and the court's order is the forced acceptance. And I see that as fundamentally inconsistent with the holding of Campbell-Ewald. Well, I respectfully disagree. I believe that Campbell-Ewald left that question open. It doesn't, though. I mean, we're agreeing that there's no account payable to the plaintiff. There's the Rule 67 payment. And, of course, as you well know, the rules of civil procedure are not even allowed to change substantive rights. That's been in the Rules Enabling Act since the beginning of time. Correct. And it's not just the deposit, though. It's the fact that the judge actually entered a judgment awarding the money over to the plaintiff here. But was the judge authorized to do that? The plaintiffs didn't want that order. The plaintiffs said, we don't accept this. It's missing, for example, the incentive payment that Judge Rovner referred to. Maybe you should have given them their filing payment. Maybe you'd rather have a system in which 4,000 cases get filed against you on the same day, and you have to buy them all off at the maximum amount. Well, Your Honor, we actually did give them their costs. So the costs were built in, the filing of the case. So that was part of the award that the judge entered to Fulton Dental. It was a pretty small order of costs. I have what may seem like a very simplistic question. I mean, given that class certification claims generally require development through discovery, what I'm having trouble with is how placeholder motions can have any utility at all. By requiring those, we're placing, it seems to me, the plaintiff in an impossible position of, one, either risking the mooting of the class claim by foregoing the motion, or filing the motion despite no developed basis, either in fact or law, as is required by Rule 11. So that's, I mean, that's my bottom line problem here. Yeah, Your Honor, I think that there are a couple of responses. One is that it has always been the rule in this circuit, and this circuit has expressly rejected prior attempts to abandon the rule that a plaintiff must file a motion for class certification to avoid having his claims mooted. That's a pretty recent line of cases, though. I mean, you say always the rule. Maybe this implication that Judge Rovner is talking about hadn't come to our attention. Yeah, again, too, I mean, I believe that there is value in the principle of stare decisis, and also the Supreme Court in Genesis... Only when it's on your side. I'm sorry, what? She said only when it's on your side. Only when it helps you. Also, the Supreme Court in Genesis Healthcare, which was an FLSA collective action, it was not a class action, but the court in that case did address this issue here. It started out by assuming that the plaintiff's claim was moot, so that was not an issue. But then it went on to find that the respondent who hadn't moved for conditional certification lost her individual claims as a result of the mooting of her individual claims. And the court said that the mere presence of collective action allegations in the complaint cannot save the suit from mootness once the individual claim is moot. But the qualifications you state are quite important, and the Supreme Court in Campbell-Ewald has a whole section where they're talking about Genesis, if an intervening circumstance deprives the plaintiff of a personal stake. But what the holding of Campbell is is that that intervening circumstance can't be the defendant trying to pick them off if they don't want to be picked off, if they don't want that payment. You get to say no to a tender. Think of all the discussion of tenders that occurs in these opinions. Well, Your Honor, I respectfully disagree with that reading of Campbell-Ewald. I thought that the decision really rested on the lynchpin, that the plaintiff there was not given everything that it had asked for. No. The problem was that it was just an offer of judgment, and the court found in that case below that that mooted the claim. The Supreme Court said, no, that's not true. You need to actually couple that offer with actual payment. In this case, we have that. We made the offer, but then we deposited the funds with the court. The court awarded it. I think you're way overreading Campbell-Ewald, because what the court says, among other things, is none of these decisions, the ones that Campbell was citing, suggest that an unaccepted settlement offer can put a plaintiff out of court. They say, quite the contrary, the dissent's approach would put the defendant in the driver's seat. It's the fact that it's unaccepted that is really the pivotal point. Well, Your Honor, the dissent discusses a number of cases, and we also discussed them in our brief report. And the dissent is welcome to discuss them. I've dissented before. It's not the most enlightening thing to do. But there are majority opinions from the Supreme Court that say that a plaintiff does not have to agree to accept the settlement offer. Mr. Halden, let me direct you to a specific language in Campbell-Ewald and see what your response would be. It seems to me the majority explicitly adopted the reasoning of Justice Kagan's dissent in Genesis Healthcare, and it states, while a class lacks independent status until certified, a would-be class represented with a live claim of her own must be accorded a fair opportunity to show that the certification is warranted. Now, is it your point that the claim is not live? Is that how you would separate yourself from the command of that? That is my point, yes, because the plaintiff's individual claim is not live. Therefore, she does not have a right to proceed with class certification. But that all depends on the impact of this Rule 67 and whether that's the same as an offer of settlement just using a different technique. You know, it wouldn't get the fee shifting and so on. But, you know, I don't think it's possible to read Campbell-Ewald other than as Judge Flom just said that the court says flatly, we now adopt Justice Kagan's analysis, as has every Court of Appeals ruling on the issue post-Genesis Healthcare. I read that language to be adopting the rationale of the dissent in Genesis Healthcare to the extent that it holds that an unaccepted offer of settlement is insufficient to move the claim. And that's exactly what we have here. Fulton Dental couldn't have been more clear that they were not accepting this. It's one thing to accept something. I suppose we can all agree with this, I hope. And it's another thing to have a judge force it on you. That's not acceptance. That's a judge ruling. It's different. But the point remains that they came to this court. They asked for a specific sum of money. We've given them that and more. And they asked to be certified as a class representative. You can't make this not a class action by wishing. Right, but they didn't file a motion for class certification, which under the circuit's precedent requires them to file a motion. Well, they could file it, though, as long as their case wasn't rendered moot. And as I say, mootness I think requires more than simply winning. What Justice Kagan wrote is, an unaccepted settlement offer like any unaccepted contract offer is a legal nullity with no operative effect. So the judge, thinking that it could get rid of the case by ordering them some money, may have made a mistake. I respectfully disagree, Your Honor. Yeah, right, of course. I did also want to note that in the Wendell Stone case in the district court, which was a recent opinion, that the plaintiffs in that case, after the defendants made an offer, a Rule 67 motion, the plaintiff filed a motion for class certification, and that was enough to prevent mootness. So this may well be just a one-off case. So you think that time sequence is fine, Rule 67 deposit, then a motion for class certification? Well, that was what saved that case, yes. So you think it's okay to file the class certification motion after the Rule 67 deposit? Possibly, yes. Okay. Interesting. But that didn't happen in this case. Right. If the court has no further questions for me? Apparently not, so thank you very much. Thank you, Your Honor. Thank you. Thank you. Anything further, Ms. Rosenbaum? Thank you. So first I want to address FISCO's contention that Rule 67 doesn't say what will happen with the funds. It does specifically say that the deposit funds will be governed by 28 U.S.C. 2041 and 2042, and 2042 then says that no withdrawal of money shall be except by order of the court. So it makes clear that money can only be withdrawn if the court orders it and that an order of the court is necessary for any change in entitlement to those funds to take place. I do think that the language in Campbell Ewald making clear that a class representative with a live claim must be provided a fair opportunity to show that class certification is warranted really does answer this case and show that Fulton Dental needed to have that fair opportunity. With regard to whether Fulton Dental had a live claim, I think it's important to look at each specific point in this case. So at the time, so FISCO made its deposit, and that deposit did not entitle Fulton Dental to any relief. And most importantly – Can I just nail one thing down? The costs that it offered, as I recall, are $595. And I take it there's no dispute at least as to the question whether that was a full measure of costs. There has not been a dispute about that. But it did not offer an incentive award, and I think most importantly it did not address the class claims. And Campbell Ewald did say that named plaintiffs must be afforded a fair opportunity to show that certification is warranted. After FISCO made its deposit, because the court could still grant relief, it then proceeded to grant relief, the claim was live. So at that point, when its claim was unquestionably live, the court should not have done anything to resolve or end the case without first providing Fulton Dental with that fair opportunity to show that a class should be certified, which would require at the time to engage in discovery and prepare a class certification motion that shows, that meets the requirements of showing that class certification is warranted. How burdensome is it to place the motion for class certification in the original pleading? Would it be an irresponsible act because discovery hasn't yet produced sufficient basis to establish a class? How onerous would it be if we say that the motion should be made contemporaneously with the initial pleading? I think it would be a meaningless act, and the district court below pointed out that it's, you know, in other circumstances, filing an act like that could be considered frivolous and open one up to Rule 11 sanctions, that we don't generally require meaningless motions. And that motion doesn't have any meaning in terms of the plaintiff's interest before either the plaintiff's interest before or after filing the motion, either before or after it files a boilerplate motion. It has the same interest in its individual claims and in the class claims, and also the class members before or after the filing of a motion for class certification have the same interest in the case. Well, their claims are preserved for limitations purposes under American Pipe anyway until there's a ruling, so they exist in some inchoate sense even the minute the complaint is filed. Yes, but certainly the filing of a boilerplate motion without the facts necessary to show that class certification is warranted by definition doesn't meet the standards set forth in Campbell-Ewald of providing a chance to show that class certification is warranted. Well, you had a December 8th filing and a January 18th offer of judgment. Right, and the answer was on January 12th. Yes. They got an extension on that. Exactly. So that, for sure, in your view, is too short a time. It's an opportunity to file. Yes. And discovery wasn't even scheduled for discovery. I appreciate it. So when would it have evolved? In the next 30 days? There would have needed to be time for it. I mean, when did the litigation get traction? Was there a 26F, or whatever it is these days, status conference? There was a status conference set for January 26th, and BISCO made a motion to deposit funds on January 25th. And before the status conference, the parties had submitted a joint status report setting forth each of their respective ideas of what the discovery schedule should be going forward. So the judge was moving with it. Yes. All right. Thank you very much, Ms. Rosenbaum. Thank you. Thank you, Mr. Halden. We'll take the case under advisement.